# Exhibit A

**Survey of Unjust Enrichment Law of 50 States
<u>and the District of Columbia</u>**

| Jurisdiction | Elements of Unjust Enrichment |
|---|---|
| Alabama | "To prevail on a claim of unjust enrichment under Alabama law, a plaintiff must show that: (1) the defendant knowingly accepted and retained a benefit, (2) provided by another, (3) who has a reasonable expectation of compensation." *Northstar Marine, Inc. v. Huffman Const., Inc.*, No. CIV.A. 13-0037-WS-C, 2015 WL 82942, at *7 (S.D. Ala. Jan. 6, 2015) (internal citation and quotation marks omitted). "[T]he plaintiff must show that the defendant holds money which, in equity and good conscience, belongs to the plaintiff or holds money which was improperly paid to defendant because of mistake or fraud." *Chartis Aerospace Ins. Servs., Inc. v. AUA, Inc.*, No. 2:12-CV-1087-JHH, 2013 WL 2249095, at *4 (N.D. Ala. May 21, 2013) (internal citation and quotation marks omitted). |
| Alaska | Under Alaska law, the elements of a claim of unjust enrichment are: "(1) a benefit conferred to defendant, (2) appreciation by defendant of that benefit; and (3) inequity of allowing defendant to retain the benefit without paying value therefor." *U.S. ex rel. N. Star Terminal & Stevedore Co. v. Nugget Const., Inc.*, 445 F. Supp. 2d 1063, 1077 (D. Alaska 2006) (citing *Reeves v. Alyeska Pipeline Serv. Co.*, 926 P.2d 1130, 1143 (Alaska 1996)). |
| Arizona | Under Arizona law, "[t]o recover under a theory of unjust enrichment, a plaintiff must demonstrate five elements: (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and impoverishment, (4) the absence of justification for the enrichment and impoverishment, and (5) the absence of a remedy provided by law." *Premier Funding Grp. LLC v. Aviva Life & Annuity Co.*, No. CV-14-01633-PHX-DGC, 2015 WL 789743, at *3 (D. Ariz. Feb. 25, 2015) (internal citation and quotation marks omitted). |
| Arkansas | Under Arkansas law, "an action based on unjust enrichment is maintainable where a person has received money . . . under such circumstances that, in equity and good conscience, he or she ought not to retain." *Buckley v. G.D USA, Inc.*, No. 5:13-CV-05216, 2014 WL 3896178, at *4 (W.D. Ark. Aug. 7, 2014) (internal citation and quotation marks omitted). "Pursuant to Arkansas Model Jury Instruction . . . 2445, the claim of Unjust Enrichment requires (1) Plaintiff provided services or money to the Defendant who received the benefit of the money, (2) Plaintiff expected to be paid the value of such services or money, (3) Defendant was aware Plaintiff was providing such services or money with the expectation of being paid, and (4) the reasonable value of such services or money received by the Defendant." *Goza v. Multi-Purpose Civic Ctr. Facilities Bd. for Pulaski Cnty., Ark.*, No. 6:12-CV-6125, 2013 WL 4523366, at *4 (W.D. Ark. Aug. 27, 2013). "To find unjust enrichment, a party must have received something of value to which he is not entitled and which he should restore." *Id.* "There must be some operative act, intent, or situation to make the enrichment unjust and compensable." *Id.* |
| California | "Under California law, the elements of unjust enrichment are: (1) receipt of a benefit; and (2) unjust retention of the benefit at the expense of another." *Valencia v. Volkswagen Grp. of Am. Inc*, No. 15-CV-00887-HSG, 2015 WL 4747533, at *8-9 (N.D. Cal. Aug. 11, 2015) (citing *Lectrodryer v. SeoulBank*, 91 Cal. Rptr. 2d 881, 883 (Ct. App. 2000)); *see also Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015). |

| **Jurisdiction** | **Elements of Unjust Enrichment** |
|---|---|
| Colorado | To state a claim for unjust enrichment under Colorado law, a plaintiff "need only allege that the defendant knowingly received a benefit at the plaintiff's expense that it would be unjust for the defendant to retain." *Arapahoe Surgery Ctr., LLC v. Cigna Healthcare, Inc.*, No. 13-CV-3422-WJM-CBS, 2015 WL 1041515, at *8 (D. Colo. Mar. 6, 2015) (internal citations omitted). |
| Connecticut | Under Connecticut law, "[a] plaintiff seeking recovery for unjust enrichment must prove: (1) that the defendants were benefitted, (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment." *Carney v. Montes*, No. 3:12-CV-00183 SRU, 2014 WL 671263, at *12 (D. Conn. Feb. 21, 2014) (citing *Hartford Whalers Hockey Club v. Uniroyal Goodrich Tire Co.*, 649 A.2d 518, 521–22 (Conn. 1994)). |
| Delaware | Under Delaware law, "[t]o establish a claim for unjust enrichment, a plaintiff must prove: (1) an enrichment, (2) an impoverishment, (3) a relation between the enrichment and impoverishment, (4) the absence of justification, and (5) the absence of a remedy provided bylaw." *Esprit Health, LLC v. Univ. of Delaware*, No. 1:13-CV-01385-RGA, 2013 WL 6773571, at *4 (D. Del. Dec. 19, 2013) (internal citation and quotation marks omitted). |
| The District of Columbia | In the District of Columbia, "[a] party states a legally cognizable unjust enrichment claim when: (1) the plaintiff confers a benefit on the defendant; (2) the defendant retains the benefit; and (3) under the circumstances, the defendant's retention of the benefit is unjust." *Vila v. Inter-Am. Inv. Corp.*, No. CV 06-2143 (RBW), 2015 WL 1138326, at *3 (D.D.C. Mar. 16, 2015) (internal citation, quotation marks, and brackets omitted). |
| Florida | Under Florida law, "[t]o state a claim for unjust enrichment, the Plaintiffs must allege that they conferred a benefit upon the Defendants, that the Defendants appreciated that benefit, and that the Defendants accepted and retained that benefit under circumstances that make it inequitable for them to retain it." *Parker v. Am. Traffic Solutions, Inc.*, No. 14-CIV-24010, 2015 WL 4755175, at *3 (S.D. Fla. Aug. 10, 2015) (internal citation omitted). |
| Georgia | Under Georgia law, "[u]njust enrichment is available when the party seeking relief has conferred a benefit on another party and the benefitting party equitably ought to return that benefit." *Cadle Co. II v. Menchion*, No. 1:14-CV-1418-TWT, 2014 WL 5019520, at *6 (N.D. Ga. Oct. 7, 2014) (internal citation and footnote omitted). |
| Hawaiʻi | Under Hawaiʻi law, "[a]n unjust enrichment claim consists of two elements: (a) receipt of a benefit without adequate legal basis by Defendants; and (b) unjust retention of that benefit at the expense of Plaintiffs." *Liberty Mut. Ins. Co. v. Sumo-Nan LLC*, No. CIV. 14-00520 DKW, 2015 WL 2449480, at *11 (D. Haw. May 20, 2015) (internal citation and quotation marks omitted). |
| Idaho | Under Idaho law, "[t]he elements of unjust enrichment are: (1) a benefit is conferred on the defendant by the plaintiff; (2) the defendant appreciates the benefit; and (3) it would be inequitable for the defendant to accept the benefit without payment of the value of the benefit." *Bryant v. Tamarack Mun. Ass'n, Inc.*, No. 1:14-CV-00339-BLW, 2015 WL 2035326, at *3 (D. Idaho May 1, 2015) (internal citation and quotation marks omitted). |

| Jurisdiction | Elements of Unjust Enrichment |
|---|---|
| Illinois | Under Illinois law, "a claim of unjust enrichment arises when a defendant unjustly retains a benefit to the plaintiff's detriment." *Miner v. Gov't Payment Serv., Inc.*, No. 1:14-CV-07474, 2015 WL 3528243, at *10 (N.D. Ill. June 4, 2015). |
| Indiana | "Indiana courts articulate three elements for unjust enrichment claims: (1) a benefit conferred upon another at the express or implied request of this other party; (2) allowing the other party to retain the benefit without restitution would be unjust; and (3) the plaintiff expected payment." *Moss v. Geared 2 Serve Staffing, LLC*, No. 1:14-CV-546-WTL-MJD, 2015 WL 263598, at *4 (S.D. Ind. Jan. 21, 2015) (internal citation, quotation marks, and brackets omitted). |
| Iowa | "To recover for unjust enrichment under Iowa law, the plaintiff must show: (1) the defendant was enriched by the receipt of a benefit; (2) the enrichment was at the expense of the plaintiff; and (3) it is unjust to allow the defendant to retain the benefit under the circumstances." *Cmty. Voiceline, L.L.C. v. Great Lakes Commc'n Corp.*, No. C 12-4048-MWB, 2014 WL 357782, at *4 (N.D. Iowa Jan. 31, 2014) (internal citation, quotation marks, and brackets omitted). |
| Kansas | "[I]n Kansas the elements of an unjust enrichment claim are: (1) a benefit conferred; (2) an appreciation or knowledge of the benefit of the one receiving the benefit; and (3) the acceptance or retention of the benefit under circumstances as to make it inequitable to retain the benefit." *Deutsch v. Robro Royalty Partners, Ltd.*, No. CIV.A. 15-1092-MLB, 2015 WL 3884379, at *2 (D. Kan. June 24, 2015) (internal citation omitted). |
| Kentucky | Under Kentucky law, "to properly state a claim for unjust enrichment, a plaintiff must allege (1) a benefit conferred upon the defendant at the plaintiff's expense; (2) a resulting appreciation of the benefit by the defendant; and (3) an inequitable retention of the benefit without payment for its value." *Church Mut. Ins. Co. v. Smith*, No. 3:14-CV-749-JHM, 2015 WL 3480656, at *5 (W.D. Ky. June 2, 2015) (internal citation and quotation marks omitted). |
| Louisiana | Under Louisiana law, "[t]he five requirements for a showing of unjust enrichment . . . are: (1) there must be an enrichment, (2) there must be an impoverishment, (3) there must be a connection between the enrichment and resulting impoverishment, (4) there must be an absence of 'justification' or 'cause' for the enrichment and impoverishment, and (5) there must be no other remedy at law available to plaintiff." *Main Iron Works LLC v. Rolls Royce Marine N. Am., Inc.*, No. CIV.A. 14-1109, 2015 WL 3952709, at *2 (E.D. La. June 29, 2015) (citing and quoting *Baker v. Maclay Properties Co.*, 648 So. 2d 888, 897 (La. 1995)). |
| Maine | "In Maine, a party claiming unjust enrichment must show that: (1) it conferred a benefit on the other party; (2) the other party had appreciation or knowledge of the benefit; and (3) the acceptance or retention of the benefit was under such circumstances as to make it inequitable for it to retain the benefit without payment of its value." *United States v. Mays*, 826 F. Supp. 2d 298, 305 (D. Me. 2011) (internal citation and quotation marks omitted). |

| Jurisdiction | Elements of Unjust Enrichment |
|---|---|
| Maryland | "In order to state a claim for unjust enrichment under Maryland law, a plaintiff must plead: (1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value." *Connecticut Gen. Life Ins. Co. v. Advanced Surgery Ctr. of Bethesda, LLC*, No. CIV.A. DKC 14-2376, 2015 WL 4394408, at *23 (D. Md. July 15, 2015) (internal citation and quotation omitted). |
| Massachusetts | "The elements of the more general action of unjust enrichment [i]n Massachusetts . . . are unjust enrichment of one party and unjust detriment to the other party." *Depianti v. Jan-Pro Franchising Int'l, Inc.*, 39 F. Supp. 3d 112, 142 (D. Mass. 2014) (citing *Massachusetts Eye & Ear Infirmary v. QLT Phototherapeutics, Inc.*, 412 F.3d 215, 240 (1st Cir. 2005) (internal quotation marks omitted)). |
| Michigan | Under Michigan law, "'in order to sustain a claim of quantum meruit or unjust enrichment, a plaintiff must establish (1) the receipt of a benefit by the defendant from the plaintiff and (2) an inequity resulting to the plaintiff because of the retention of the benefit by the defendant.'" *Auto. Interior Innovations, LLC v. Mata AHSAP VE OTOMOTIV TIC SAN AS*, No. 13-CV-12542, 2015 WL 4162489, at *18 (E.D. Mich. July 9, 2015) (citing and quoting *Morris Pumps v. Centerline Piping, Inc.*, 729 N.W.2d 898, 904 (Mich. Ct. App. 2006)) (additional internal citation omitted). |
| Minnesota | "Under Minnesota law, [t]he elements of unjust enrichment are: (1) a benefit conferred; (2) the defendant's appreciation and knowing acceptance of the benefit; and (3) the defendant's acceptance and retention of the benefit under such circumstances that it would be inequitable for him to retain it without paying for it." *OrthoAccel Technologies, Inc. v. Devicix, LLC*, No. CIV. 15-1503 DWF/TNL, 2015 WL 4563134, at *5 (D. Minn. July 29, 2015) (internal citation and quotation marks omitted). |
| Mississippi | "Mississippi law provides that, in an action for unjust enrichment, the plaintiff need only allege and show that the defendant holds money which in equity and good conscience belongs to the plaintiff. The requirements of proof of unjust enrichment are neither technical nor complicated and, [plaintiff] can state a claim against Defendants on the basis that [defendants] were unjustly enriched because they received the profits [which] they should not have been permitted to [receive]." *Ovella v. B & C Const. & Equip., LLC*, No. 1:10CV285 LG-RHW, 2011 WL 2912865, at *2 (S.D. Miss. July 18, 2011) (internal citation and quotation omitted). |
| Missouri | Under Missouri law, "[t]o state a claim for unjust enrichment, a plaintiff must allege (1) a benefit was conferred upon the defendant, (2) at the expense of the plaintiff, and (3) it would be unjust to allow the defendant to retain the benefit." *TCP Printing Co., LLC v. Enter. Bank & Trust*, No. 4:15-CV-178 JAR, 2015 WL 4747102, at *4 (E.D. Mo. Aug. 11, 2015) (internal citation omitted). |

| **Jurisdiction** | **Elements of Unjust Enrichment** |
|---|---|
| Montana | Under Montana law, "'[u]njust enrichment occurs when one has and retains money which in justice or equity belongs to another.'" *Guschausky v. Am. Family Life Assur. Co. of Columbus*, No. CV 10-59-H-DWM, 2011 WL 1897183, at *4 (D. Mont. May 10, 2011) (citing and quoting *Edwards v. Cascade Cnty.*, 212 P.3d 289, 295 (Mont. 2009)). |
| Nebraska | "To recover under a theory of unjust enrichment in Nebraska, one must allege facts that the law of restitution would recognize as unjust enrichment. . . . Restitution constitutes an independent basis of liability comparable to a liability in contract or tort. . . . Unjust enrichment may result . . . from a transaction that the law treats as ineffective to work a conclusive alteration in ownership rights. . . . [And] there may also be cases in which the remedy for unjust enrichment gives the plaintiff something, such as the defendant's wrongful gain, that the plaintiff did not previously possess." *Infogroup, Inc. v. DatabaseLLC*, No. 8:14-CV-49, 2015 WL 1499066, at *20 (D. Neb. Mar. 30, 2015) (internal citations and quotation marks omitted). "A person who obtains a benefit by conscious interference with a claimant's legally protected interests (or in consequence of such interference by another) is liable in restitution as necessary to prevent unjust enrichment. . . . Conscious interference with property rights of any kind, with contractual expectations, or with other interests to which the law of torts extends a similar protection, will support the claim in restitution described in this section." *Id.* (internal citations and quotation marks omitted). |
| Nevada | "In Nevada, the elements of an unjust enrichment claim or 'quasi contract' are: (1) a benefit conferred on the defendant by the plaintiff; (2) appreciation of the benefit by the defendant; and (3) acceptance and retention of the benefit by the defendant (4) in circumstances where it would be inequitable to retain the benefit without payment. . . . However, a plaintiff need not have directly conferred the benefit upon the defendant to recover under a claim of unjust enrichment, so long as the benefit was conferred as a result of the plaintiff's actions." *Ergon Asphalt and Emulsions, Inc. v. Capriati Const. Corp*, No. 2:13-cv-01683-GMN-NJK, 2015 WL 1959851, at *6 (D. Nev. Apr. 29, 2015) (internal citations and quotation marks omitted). |
| New Hampshire | Under New Hampshire law, "[t]he doctrine of unjust enrichment holds that one shall not be allowed to profit or enrich himself at the expense of another contrary to equity. . . . A plaintiff in an unjust enrichment case is not required to prove that the defendant obtained the benefit through wrongful acts; passive acceptance of a benefit may also constitute unjust enrichment. . . . To justify restitution, there must be more than a moral claim for reimbursement. Instead, there must be some specific legal principle or situation which equity has established or recognized to bring a case within the scope of the doctrine." *DesRoches v. Potter*, No. 05-CV-088-PB, 2009 WL 1240726, at *2 (D.N.H. May 5, 2009) (internal citations, quotation marks, and brackets omitted). |

| Jurisdiction | Elements of Unjust Enrichment |
|---|---|
| New Jersey | Under New Jersey law, "[t]o establish a claim for unjust enrichment, a plaintiff must show both that defendant received a benefit and that retention of that benefit without payment would be unjust." *Revera Inc. v. Lindeman*, No. CIV.A. 12-05051 SDW, 2015 WL 1969100, at *5 (D.N.J. Apr. 29, 2015) (internal citations omitted). |
| New Mexico | Under New Mexico law, "[t]o prevail on a claim for unjust enrichment, one must show that: (1) another has been knowingly benefitted at one's expense (2) in a manner such that allowance of the other to retain the benefit would be unjust." *City of Rio Rancho v. Amrep Sw. Inc.*, 260 P.3d 414, 428–29 (N.M. 2011). |
| New York | Under New York law, "[t]o state a claim for unjust enrichment, a plaintiff must allege that: (1) the defendant was enriched, (2) at plaintiff's expense, and (3) that it is against equity and good conscience to permit the defendant to retain what is sought to be recovered." *In re Libor-Based Fin. Instruments Antitrust Litig.*, No. 11 MDL 2262 NRB, 2015 WL 4634541, at *67 (S.D.N.Y. Aug. 4, 2015) (internal citations, quotation marks, and brackets omitted). |
| North Carolina | "[U]nder North Carolina law, a plaintiff asserting [a claim of unjust enrichment] must show that it conferred a benefit on another, the other party consciously accepted the benefit, and the benefit was not conferred gratuitously." *Jacobs Vehicle Sys., Inc. v. Zhou Yang*, No. 1:12CV181, 2015 WL 4622734, at *10 (M.D.N.C. July 31, 2015) (internal citation omitted). |
| North Dakota | Under North Dakota law, "[u]njust enrichment is a broad, equitable doctrine which rests upon quasi or constructive contracts implied by law to prevent a person from unjustly enriching himself at the expense of another. . . . To recover under a theory of unjust enrichment, the plaintiff must prove: (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and the impoverishment, (4) the absence of a justification for the enrichment and impoverishment, and (5) the absence of a remedy provided by law. . . . The theory may be invoked when a person has and retains money or benefits which in justice and equity belong to another. . . . For a complainant to recover, it is sufficient if another has, without justification, obtained a benefit at the direct expense of the complainant, who then has no legal means of retrieving it. . . . The essential element in recovering under the theory is the receipt of a benefit by the defendant from the plaintiff which would be inequitable to retain without paying for its value." *McColl Farms, LLC v. Pflaum*, 837 N.W.2d 359, 367 (N.D. 2013) (internal citations and quotation marks omitted). |
| Ohio | "In Ohio, the elements of a claim for unjust enrichment are as follows: (1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment." *Patel v. Dish Network L.L.C.*, No. 2:12-CV-1078, 2015 WL 4776894, at *4 (S.D. Ohio Aug. 12, 2015) (citing *Hambleton v. R.G. Barry Corp.*, 465 N.E.2d 1298, 1302 (Ohio 1984). |

| **Jurisdiction** | **Elements of Unjust Enrichment** |
|---|---|
| Oklahoma | "Under Oklahoma law, before a party may recover unjust enrichment, there must be an enrichment to another coupled with a resulting injustice." *N. Am. Ins. Agency, Inc. v. Bates*, No. CIV-12-544-M, 2014 WL 3810534, at *9 (W.D. Okla. Aug. 1, 2014) (internal citation and quotation marks omitted). |
| Oregon | "In Oregon, the elements of the quasi-contractual claim of unjust enrichment are (1) a benefit conferred, (2) awareness by the recipient that she has received the benefit, and (3) it would be unjust to allow the recipient to retain the benefit without requiring her to pay for it. . . . The last element is a legal conclusion. . . . Benefit is broadly defined and includes money." *Great Am. Ins. Co. v. Linderman*, No. 3:15-CV-0115-MO, 2015 WL 4387943, at *10 (D. Or. July 15, 2015) (internal citations, quotation marks, and brackets omitted). |
| Pennsylvania | Under Pennsylvani law, "[u]njust enrichment occurs when one party has been unjustly enriched at the expense of another. . . . The elements of unjust enrichment are benefits conferred on defendant by plaintiff, appreciation of such benefits by defendant, and acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value. . . . A claimant must show that the party against whom recovery is sought either wrongfully secured or passively received a benefit that . . . would be unconscionable for her to retain." *Mackereth v. Kooma, Inc.*, No. CIV.A. 14-04824, 2015 WL 2337273, at *9 (E.D. Pa. May 14, 2015) (internal citations and quotation marks omitted). |
| Rhode Island | "Unjust enrichment is '[t]he retention of a benefit conferred by another, who offered no compensation, in circumstances where compensation is reasonably expected.'" *S. Cnty. Post & Beam, Inc. v. McMahon*, 116 A.3d 204, 210 (R.I. 2015) (citing and quoting Black's Law Dictionary 1771 (10th ed. 2014)). "'Instances of unjust enrichment typically arise * * * when a benefit is conferred deliberately but without a contract * * *.'" *Id.* (citing and quoting Black's Law Dictionary 1771 (10th ed. 2014)). "'The resulting claim of unjust enrichment seeks to recover the defendant's gains.'" *Id.* (citing and quoting Black's Law Dictionary 1771 (10th ed. 2014)). "It is well settled in [Rhode Island] that, to recover for unjust enrichment, a claimant must prove: (1) that he or she conferred a benefit upon the party from whom relief is sought; (2) that the recipient appreciated the benefit; and (3) that the recipient accepted the benefit under such circumstances that it would be inequitable for the recipient to retain the benefit without paying the value thereof." *Id.* (internal citation, quotation marks, and brackets omitted). |
| South Carolina | Under South Carolina law, "[t]o recover for unjust enrichment, [the plaintiff] must show the following three elements: (1) a benefit conferred upon the defendant by plaintiff; (2) realization of that benefit by the defendant; and (3) retention by the defendant of the benefit under conditions that make it unjust for it to retain the benefit." *Brown v. Goodman Mfg. Co., L.P.*, No. 1:13-CV-03169-JMC, 2015 WL 1006319, at *8 (D.S.C. Mar. 5, 2015) (internal citation omitted). |

| Jurisdiction | Elements of Unjust Enrichment |
|---|---|
| South Dakota | "[U]nder South Dakota law, for a plaintiff to succeed on an unjust enrichment claim, the plaintiff must show (1) the defendant received a benefit from the plaintiff; (2) the defendant was aware of the benefit; and (3) that it is inequitable to allow the defendant to retain the benefit without paying for it." *Superior Homes, L.L.C. v. Comardelle*, No. CIV. 12-4126-KES, 2013 WL 6146051, at *5 (D.S.D. Nov. 21, 2013) (internal citation omitted). |
| Tennessee | "In Tennessee, the theory of unjust enrichment is founded on the principle that a party receiving a benefit desired by him, under circumstances rendering it inequitable to retain it without making compensation, must do so. . . . Plaintiffs bringing an unjust enrichment claim must establish three elements: 1) a benefit conferred upon the defendant by the plaintiff; 2) appreciation by the defendant of such benefit; and 3) acceptance of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof." *Adams v. Diversicare Leasing Corp.*, No. 14-2990, 2015 WL 4208779, at *7 (W.D. Tenn. July 10, 2015) (internal citations, quotation marks, and brackets omitted). |
| Texas | Under Texas law, "[t]he unjust enrichment doctrine applies the principles of restitution to disputes which for one reason or another are not governed by a contract between the contending parties. . . . Unjust enrichment demands restitution when a party receiving property or benefits would be unjustly enriched if it were permitted to retain the property or benefits at the expense of another." *Bent v. U.S. Bank Nat. Ass'n.*, No. 3:15-CV-340-N, 2015 WL 3454226, at *3 (N.D. Tex. May 29, 2015) (internal citations and quotation marks omitted). |
| Utah | Under Utah law, "[t]o prove a claim for unjust enrichment, a plaintiff must establish three elements. First, there must be a benefit conferred on one person by another. Second, the conferee must appreciate or have knowledge of the benefit. Finally, there must be the acceptance or retention by the conferee of the benefit under such circumstances as to make it inequitable for the conferee to retain the benefit without payment of its value." *KAM Fin. v. Silverleaf Fin.*, No. 2:12-CV-01111, 2015 WL 1432610, at *14 (D. Utah Mar. 27, 2015) (internal citation and quotation marks omitted). |
| Vermont | Under Vermont law, "[u]njust enrichment arises when the law implies a promise to pay because a party receives a benefit and the retention of the benefit would be inequitable. . . . Although most restitution cases involve benefits conferred in connection with contracts, restitution is not limited to such cases, and can apply in cases where a benefit has been conferred upon the defendant without mistake and without wrongdoing or breach of an agreement by the defendant." *JW, LLC v. Ayer*, 101 A.3d 906, 914 (Vt. 2014) (internal citations, quotation marks, and brackets omitted). |

| **Jurisdiction** | **Elements of Unjust Enrichment** |
|---|---|
| Virginia | Under Virginia law, "[t]o establish a claim for unjust enrichment, a plaintiff must show: (1) plaintiffs conferring of a benefit on the defendant; (2) defendant's knowledge of the conferring of the benefit; and, (3) defendant's acceptance or retention of the benefit under circumstances that render it inequitable for the defendant to retain the benefit without paying for its value." *Microsoft Corp. v. John Does 1-8*, No. 1:14-CV-811, 2015 WL 4937441, at *12 (E.D. Va. Aug. 17, 2015) (internal citation and quotation marks omitted). |
| Washington | Under Washington law, "[a] claim for unjust enrichment requires the following elements: (1) a benefit conferred upon the defendant by the plaintiff; (2) knowledge by the defendant of the benefit; and (3) the defendant retains the benefit under circumstances that make it inequitable to do so." *Accretive Tech. Grp., Inc. v. Adobe Sys., Inc.*, No. C15-309RSM, 2015 WL 4920079, at *11 (W.D. Wash. Aug. 17, 2015) (citing *Young v. Young*, 191 P.3d 1258, 1262 (Wash. 2008)). |
| West Virginia | "Under West Virginia law, a claim of unjust enrichment generally entails the establishment of three elements: (1) a benefit conferred upon the defendant, (2) an appreciation or knowledge by the defendant of such benefit, and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value." *CUMIS Ins. Soc., Inc. v. Raines*, No. CIV.A. 3:12-6277, 2013 WL 500305, at *2 (S.D.W. Va. Feb. 11, 2013) (internal citation, quotation marks, and brackets omitted). |
| Wisconsin | Under Wisconsin law, "'[t]o establish a claim for unjust enrichment, the plaintiff must prove three elements: (1) the plaintiff conferred a benefit upon the defendant; (2) the defendant had an appreciation or knowledge of the benefit; and (3) the defendant accepted or retained the benefit under circumstances making it inequitable for the defendant to retain the benefit without payment of its value.'" *Don-Rick, Inc. v. QBE Americas*, 995 F. Supp. 2d 863, 873–74 (W.D. Wis. 2014) (citing and quoting *Buckett v. Jante*, 767 N.W.2d 376, 380 (Wis. Ct. App. 2009)). |
| Wyoming | Under Wyoming law, "[u]njust enrichment is the unjust retention of a benefit to the loss of another. It exists as a basis for recovery for goods or services rendered under circumstances where it would be inequitable if no compensation was paid in return. In Wyoming, the elements of unjust enrichment are: 1) valuable services were rendered; 2) to the party to be charged; 3) which services were accepted, used and enjoyed by the charged party; and 4) under circumstances that reasonably notified the party being charged that the other party would expect payment for the services." *Redland v. Redland*, 288 P.3d 1173, 1203 (Wyo. 2012) (internal citations and quotation omitted). |